FILED IN CHAMBERS
U.S.D.C. - Rome

JAN 1 7 2014

JAMES N. HATTEN, Clerk
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT VEAL and
GLORIA VEAL,

              Plaintiffs pro se,

    v.

DEUTSCHE BANK NATIONAL
TRUST CO. and TAMARA PRICE,

              Defendants.

CIVIL ACTION FILE

NO. 1:13-CV-3610-WSD-WEJ

## FINAL REPORT AND RECOMMENDATION

The case is before the Court on the Motion to Dismiss [4] filed by defendant Deutsche Bank National Trust Co. ("Deutsche Bank") and plaintiffs Robert and Gloria Veal's Motion for Default Judgment [10] against defendant Tamara Price.

Plaintiffs allege that Deutsche Bank violated § 1692f(6)(A) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by "executing a dispossessory" to remove them from their home. (See Compl. [1] ¶¶ 18, 20.) They contend that the assignment of the Security Deed in their property to Deutsche Bank by Ms. Price on behalf of Argent Mortgage Company, LLC ("Argent") was void, and seek "declaratory relief" against her. (Id. ¶¶ 36-37 & Prayer and Jury Demand.) For the reasons set forth below, the undersigned **REPORTS** that the Complaint does

not state a valid claim, thereby precluding any remedy. Consequently, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED**, the Motion for Default Judgment be **DENIED AS MOOT**, and this case be **DISMISSED**.

## I.    STANDARD OF REVIEW

Deutsche Bank moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state a claim upon which relief may be granted. In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all the factual allegations set forth in the Complaint are true and construe them in a light most favorable to plaintiffs. See Baloco v. Drummond Co., Inc., 640 F.3d 1338, 1344-45 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, "[i]n evaluating the sufficiency of a plaintiff's pleadings, [courts] make reasonable inferences in [p]laintiff's favor, 'but . . . are not required to draw plaintiff's inference.'" Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). Likewise, "'unwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's

2

allegations." Id.; see also Iqbal, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). The Twombly Court further stated that while there is no probability requirement at the pleading stage, id. at 556, "something beyond . . . mere possibility . . . must be alleged," id. at 557-58. Therefore, the facts alleged in a complaint "must be enough to raise a right to relief above the speculative level," id. at 555, and sufficient to state a claim for "relief that is plausible on its face," id. at 570.

3

## II.    FACTUAL ALLEGATIONS

On October 14, 2003, plaintiffs obtained a $272,000 loan from Argent with which to purchase their home. (Compl. ¶¶ 7-8.) The mortgage note is identified as "Argent Securitized Trust 2003-W8, Asset-Backed Pass-Through Certificate, Series, and 2003-W8," and belonged to a securitized trust formed under New York Law. (Id. ¶¶ 8, 15.)

On January 13, 2009, Ms. Price executed an Assignment of the mortgage from Argent to Deutsche Bank as "Attorney in Fact" and "Vice President" for Argent. (Compl. ¶¶ 9, 11, 13 & Ex. B [1] (Assignment).) According to plaintiffs, Ms. Price had no authority to do so. (Id. ¶ 14.) On October 6, 2009, Deutsche Bank foreclosed on the property. See Gwinnett Cnty., Ga., Deed Book 49826, at 215.

On November 18, 2009, Deutsche Bank filed a dispossessory action against the Veals in the Magistrate Court of Gwinnett County, Georgia.[1] See Deutsche

---

[1] The Court may consider county and state court records without converting the instant Motion to one for summary judgment because plaintiffs referenced those documents and they are public records relevant to the issues at bar. See Lowman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (holding that a district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment); Brown v. One Beacon Ins. Co., 317 F. App'x 915, 917 (11th Cir. 2009) (per curiam) ("When determining a motion to dismiss, a court may consider the complaint, its attachments, and documents attached to the defendant's

Bank v. Veal, No. 09-M-34935. On December 30, 2009, after a hearing, the state court magistrate granted judgment to Deutsche Bank and issued it a writ of possession for the property. (Mot. Dismiss Ex. A [4-2].) The Veals appealed that judgment in the state court system numerous times (id. Exs. B-F [4-3–4-7]) and unsuccessfully attempted to remove the case to this Court, see Deutsche Bank v. Veal, Order of Oct. 22, 2010, No. 1:10-cv-2048-CC (N.D. Ga. closed Oct. 22, 2010). Ultimately, their appeals were dismissed (Mot. Dismiss Exs. B-F [4-3–4-7] and, on September 31, 2013, Deutsche Bank executed the dispossessory judgment and evicted the Veals from the property (Compl. ¶ 18).

On October 31, 2013, plaintiffs filed this lawsuit asserting Deutsche Bank violated the FDCPA when it foreclosed on the property and later evicted them, and seeking declaratory relief against Ms. Price based on her alleged lack of authority to execute the Assignment. (See generally Compl.)

On November 20, 2013, Deutsche Bank filed the instant Motion. Although plaintiffs served [3] Ms. Price, she failed to respond by answer or motion. Consequently, on December 19, 2013, the Clerk entered a default [9] as to Ms. Price

---

motion to dismiss if the attached documents are central to the plaintiff's claims and referred to by the plaintiff without converting the motion to a motion for summary judgment.").

and, on December 23, 2013, the Veals moved for a default judgment against her (see Pl.'s Mot. Default J.).

## III.  DISCUSSION

Plaintiffs allege that their mortgage was placed into a trust governed by a Pooling and Servicing Agreement ("PSA") and New York trust law. (Pl.'s Br. Opp'n [13] 8-9.) They argue that the 2009 Assignment violated the terms of the PSA and, therefore, was void under New York law. (Id. at 3, 9.) Alternatively, plaintiffs contend that the Assignment was invalid because Ms. Price did not have authority to execute the document. (Id. at 3, 7.) The Veals argue that, as a result, Deutsche Bank never had a right to possession of the property and the 2009 foreclosure and 2013 eviction violated § 1692f(6)(A)'s requirement that debt collectors have a present right to possession of property before dispossession.[2] (Id. at 11-12; see also Compl. ¶¶ 30-35.) They seek a declaration that the Assignment was void. (Compl. Prayer & Jury Demand.)

---

[2] Section 1692 of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect a debt, including "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

6

Deutsche Bank asserts that plaintiffs have failed to state a claim under the FDCPA and that dismissal is also warranted under the doctrines of Rooker-Feldman and res judicata. For the reasons set forth below, even accepting plaintiffs' allegations as true, they have failed to state a claim under the FDCPA regarding both the foreclosure and the eviction. Therefore, the undersigned need not address Deutsche Bank's other arguments.

With regard to the Assignment, there is no indication that any party to that document or the PSA challenged the validity of the transfer or Deutsche Bank's right to possession of the property. The Eleventh Circuit has made it clear that persons who were not parties to a PSA or the challenged transfer do not have standing to contest validity of those documents. See Edward v. BAC Home Loans Serv., L.P., 537 F. App'x 888, 891 (11th Cir. 2013) (per curiam). Therefore, the Veals do not have standing to challenge Ms. Price's authority to execute the Assignment and, as the holder of the Security Deed, Deutsche Bank had a right to take possession of the defaulted property. See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013) (confirming that holder of security deed has full authority to exercise power of sale and foreclose after debtor defaults).

7

Likewise, the Complaint fails to state a claim for relief regarding the Veals' eviction. Because Deutsche Bank filed a dispossessory suit in state court and obtained a writ of possession before evicting plaintiffs, that action falls outside the purview of § 1692f(6)(A)–which governs "nonjudicial action." Accordingly, the undesigned **REPORTS** that plaintiffs do not have standing to challenge Ms. Price's role in the Assignment and Deutsche Bank did not violate the FDCPA by foreclosing[3] on the property and evicting them. Moreover, given the above analysis any attempt to amend the Complaint would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Without a justiciable claim, plaintiffs cannot seek declaratory relief against any of the defendants. Consequently, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED** pursuant to Rule 12(b)(6) for failure to state a claim.

---

[3] The undersigned also observes that more than four years lapsed between the foreclosure and the filing of the instant lawsuit. Therefore, even assuming Deutsche Bank did not have a right to possession at the time of foreclosure, any resultant FDCPA claim would be barred by the statute of limitations. See 15 U.S.C. § 1692k(d) (stating that a civil action to enforce provisions of the FDCPA must be brought "within one year from the date on which the violation occurs").

## IV.    CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that Deutsche Bank's Motion to Dismiss [4] be **GRANTED**, plaintiffs' Motion for Default Judgment [10] be **DENIED AS MOOT**, and this case be **DISMISSED**.

**SO ORDERED**, this _17_ day of January, 2014.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE