## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROBERT VEAL and GLORIA VEAL,

                      **Plaintiffs,**

      **v.**                                           **1:13-cv-3610-WSD**

DEUTSCHE BANK NATIONAL TRUST CO., and TAMARA PRICE,

                      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Planitiffs' *pro se* objections [18] to Magistrate Judge Walter E. Johnson's Final Report and Recommendation [16] ("R&R"). The R&R considers Defendants' Motion to Dismiss [4] and Plaintiffs' Motion for Default Judgment [10].

## I.    BACKGROUND[1]

On October 14, 2003, Plaintiffs Robert and Gloria Veal ("Plaintiffs") obtained a $272,000 loan from Argent Mortgage Company, LLC ("Argent") to purchase their home in Norcross, Georgia (the "Property"). Repayment of the loan

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

was secured by a deed ("Security Deed") to the Property.  Under the terms of the

Security Deed, Plaintiffs "grant[ed] and convey[ed] to [Argent] and [Argent's]

successors and assigns, with the power of sale, the [Property]."  (Compl. Ex. D).

On January 13, 2009, Defendant Tamara Price ("Price") assigned Argent's

rights under the Security Deed (the "Assignment") to Defendant Deutsche Bank

National Trust Co. ("Deutsche Bank").  (Id. Ex. B).  The Assignment is executed

by "Argent [ ], By: Citi Residential Lending, Inc., as Attorney in Fact," and signed

by Price as Vice President.  (Id.).

On October 6, 2009, after Plaintiffs' default on their loan obligations and

pursuant to the terms of the Security Deed, Deutsche Bank foreclosed on the

Property.  On November 18, 2009, Deutsche Bank filed a dispossessory action in

the Magistrate Court of Gwinnett County, Georgia.[2]  See Deutsche Bank v. Veal,

No. 09-M-34935.  On December 30, 2009, the state court issued a Writ of

Possession to Deutsche Bank for the Property.  Plaintiffs appealed the judgment

several times and attempted to remove that matter to this Court.  Their appeals and

removal were unsuccessful.

---

[2]     The Court may consider county and state court records without converting
the Motion to one for summary judgment because Plaintiffs referenced those
documents and they are public records relevant to the issues raised in their
Complaint.  See Lowman v. City of Riviera Beach, 713 F.3d 1066, 1075 n.9
(11th Cir. 2013) (holding that a district court may take judicial notice of public
records, such as filings in other judicial proceedings, without converting a 12(b)(6)
motion into a motion for summary judgment).

On September 13, 2013, more than three years after entry of the judgment in the dispossessory action, Deutsche Bank executed its Writ of Possession and evicted Plaintiffs from the Property.

On October 31, 2013, Plaintiffs, proceeding *pro se*, filed their Complaint [1]. In it, Plaintiffs assert that the Assignment was void under New York law because it violated the terms of the Pooling and Servicing Agreement (the "PSA") governing the trust to which their mortgage was transferred.  As a result, Plaintiffs allege that Deutsche Bank violated Section 1692(f)(6)(A) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by wrongfully foreclosing on the Property and wrongfully evicting them.  Plaintiffs also argue that the Assignment is defective because Price lacked authority to execute it.  Plaintiffs seek compensatory, statutory and punitive damages, a declaration that Price lacked authority to execute the Assignment, and to have the Court determine "the lawful chain of title to Plaintiff's [sic] note."

On November 20, 2013, Deutsche Bank filed its Motion to Dismiss for failure to state a claim.

On December 23, 2013, Plaintiffs filed their Motion for Default Judgment against Price.

On January 17, 2014, Magistrate Judge Walter E. Johnson issued his R&R

recommending that Deutsche Bank's Motion to Dismiss be granted, that Plaintiffs'
claims be dismissed with prejudice, and that Plaintiffs' Motion for Default
Judgment be denied as moot.

On February 3, 2014, Plaintiffs filed their "Reply In Opposition to
Magistrate's [sic] Report and Recommendation" which the Court construes as their
objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

#### 1.     Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and
recommendations, a district judge may accept, reject, or modify a magistrate
judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.
Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A
district judge "shall make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection is made."  28
U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration
to those issues to which specific objection has been made by a party."  Jeffrey S. v.
State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation
marks omitted).  With respect to those findings and recommendations to which

objections have not been asserted, the Court must conduct a plain error review of

the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert.

denied, 464 U.S. 1050 (1984).

                2.    Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the Court must "assume that the factual allegations in the

complaint are true and give the plaintiff[] the benefit of reasonable factual

inferences."  Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010).  Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte

Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water

Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is

not required to accept conclusory allegations and legal conclusions as true.  See

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and

conclusions" are insufficient.   Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

B.    Analysis

Plaintiffs object to the Magistrate Judge's finding that they lack standing to enforce the terms of the PSA or to challenge Price's authority to execute the Assignment.  Plaintiffs argue that the R&R wrongfully relies on Georgia and Eleventh Circuit authority, and that New York law applies here because the trust

into which their mortgage was transferred was formed under New York law. Plaintiffs assert that, because the Assignment to Deutsche Bank violates the terms of the PSA for the trust, the Assignment is void under New York law, and thus Deutsche Bank did not have a present right to possession of the Property at the time of foreclosure, in violation of the FDCPA.

Plaintiffs also object to the Magistrate Judge's finding that, because Plaintiffs do not have standing to challenge Price's authority to execute the Assignment, they are not entitled to a default judgment against Price.

    1.    Plaintiffs' standing to challenge the Assignment

In their Objections, Plaintiffs contend that New York trust law governs their claims and they rely on Wells Fargo Bank, N.A. v. Erobobo, No. 31648, 2013 WL 1831799 (N.Y. Sup. Ct. April 29, 2013), to support that "home owners do[] have standing to challenge void assignments" and that "non-compliance with the Pooling and Servicing Agreement (PSA) voids the assignment of mortgage." (Obj. at 3). Plaintiffs' reliance on Erobobo is misplaced.

In Erobobo, a judicial foreclosure action, the plaintiff, a Real Estate Mortgage Investment Conduit ("REMIC") trust, moved for summary judgment on the ground that it was the holder of the defendant's promissory note and mortgage through an assignment from defendant's original lender. In a judicial foreclosure

proceeding in New York, "the [p]laintiff must plead and prove as part of its prima

facie case that it owns the note and mortgage and has the right to foreclose." Id. at

*5.   The court observed that the New York Estate Powers & Trusts Law ("EPTL")

§ 7-2.4 provides: "every sale, conveyance or other act of the trustee in

contravention of the trust is void."   The court found that the assignment of the

defendant's note and mortgage was after the closing date of the trust and thus

violated the pooling and servicing agreement.   As a result, the court determined

that there was a sufficient question of fact as to whether the trust owns the note and

mortgage to preclude the grant of summary judgment.   Id. at *7-9.   Erobobo does

not support Plaintiffs' argument that homeowners generally have standing to assert

claims based on an allegedly void assignment of their loan and security deed.   The

court in Erobobo simply held that, in a judicial foreclosure under New York law,

where a plaintiff-trust must prove that it owns the note and mortgage, the plaintiff-

trust is not entitled to summary judgment where the assignment occurred in

violation of the pooling and servicing agreement.

Here, to state a claim for violation of the FDCPA, Plaintiffs must show that

Deutsche Bank does not have a present right to possession of the Property.   See 15

U.S.C. § 1692f(6) (prohibiting taking or threatening to take nonjudicial action

where there is no present right to possession of the property claimed as collateral

through an enforceable security interest).  Erobobo did not address whether a

*homeowner* has standing to assert a claim against the trust for violation of the

pooling and servicing agreement, and New York courts have consistently held that

parties who are not beneficiaries of a trust lack standing to enforce the trust's terms

or to challenge the actions of the trustee.  See, e.g., In re Estate of McManus, 390

N.E.2d 773, 774 (N.Y. 1979) (individuals "not beneficially interested" in a trust

lack standing to challenge the trustee's actions); Cashman v. Petrie, 201 N.E.2d 24,

26 (N.Y. 1964) ("A person who might incidentally benefit from the performance of

a trust but is not a beneficiary thereof cannot maintain a suit to enforce the trust or

to enjoin a breach."); Naversen v. Gaillard, 831 N.Y.S.2d 258, 259 (N.Y. App.

Div. 2007) ("The Supreme Court properly determined that since the defendants

were not beneficiaries of the [trust], they lacked standing to challenge the actions

of the plaintiff as its trustee.").  New York law further provides that, to have

standing to challenge a contract, a plaintiff must be a party to, or a third-party

beneficiary of, the contract he seeks to challenge.  See, e.g., Decolator, Cohen &

DePrisco v. Lysagt, Lysagt & Kramer, P.C., 756 N.Y.S.2d 147 (N.Y.App. Div.

2003); Arrow Louver and Damper Div. of Arrow United Indus., Inc. v. New York

City Transit Auth., 482 N.Y.S.2d 844 (N.Y. App. Div. 1984) ("[A]s a stranger to

the contracts, plaintiff lacks standing to sue for the enforcement of their provisions,

or for a declaration as to their meaning.").  A homeowner who is not a party to the assignment of a mortgage or a pooling and servicing agreement thus lacks standing to challenge the assignment or to enforce the terms of the pooling and servicing agreement under New York law.  See, e.g., Bank of New York Mellon v. Gales, 982 N.Y.S.2d 911, 912 (N.Y.A.D. 2d Dep't 2014) (affirming denial of mortgagor's motion to dismiss foreclosure complaint because they "did not have standing to assert noncompliance with the subject lender's pooling service agreement"); Rajamin v. Deutsche Bank Nat'l Trust Co., No. 13-1614, 2014 WL 2922317, at *7 (2d Cir. June 30, 2014) ("Although noncompliance with PSA provisions might have made the assignments unenforceable at the instance of parties to those agreements, . . . plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries."); id. at *8 (rejecting homeowners' reliance on EPTL § 7-2.4 to challenge noncompliance with PSA because, "under New York law, only the intended beneficiary of a private trust may enforce the terms of the trust.") (citing McManus, Chasman, & Naversen); Anh Nguyet Tran v. Bank of New York, No. 13 Civ 580, 2014 WL 1225575 (S.D. N.Y. Mar. 24, 2014).  Plaintiffs are not parties to the PSA or to the Assignment and they thus lack standing to assert claims against Deutsche Bank based on Plaintiffs' perceived defects in the transfer and assignment of their loan.

See <u>Rajamin</u>, 2014 WL 2922317, at *7-8; <u>cf.</u> <u>Montgomery v. Bank of Am.</u>, 740

S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was

contractual, plaintiff lacked standing to contest its validity because he was not a

party to the assignment); <u>Edward v. BAC Home Loans Serv., L.P.</u>, 534 F. App'x

888, 891 (11th Cir. 2013) (citing <u>Montgomery</u>)).  The Court, having conducted its

*de novo* review, determines that Plaintiffs' objections based on their argument that

Deutsche Bank did not have authority to foreclose on the Property are overruled.[3]

---

[3]      Even if Plaintiffs had standing to challenge the Assignment, which they do
not, several courts have rejected <u>Erobobo</u> as contrary to New York law and have
interpreted EPTL § 7-2.4 "to mean that a transfer into a trust that violates the terms
of a PSA is voidable rather than void."  <u>Rajamin</u>, 2014 WL 2922317, at *11.  In
<u>Rajamin</u>, the homeowners asserted that the assignments of their mortgages to the
defendant trust were void, and thus the trust did not own their mortgages, because
the assignments violated the trust's pooling and servicing agreement.  The Second
Circuit stated: "Under New York law, unauthorized acts by trustees are generally
subject to ratification by the trust beneficiaries. . . . and because a void act is not
subject to ratification, such an unauthorized act by the trustee is not void but
merely *voidable* by the beneficiary."  <u>Id.</u> at *9 (emphasis added) (citations
omitted).  The Second Circuit rejected the homeowners' reliance on <u>Erobobo</u>,
finding it "unpersuasive" because it did not address New York authority holding
that only a beneficiary of a trust has standing to enforce the terms of the trust or
that a beneficiary may ratify otherwise unauthorized acts of the trustee.  <u>Id.</u> at *10;
<u>see also</u> <u>Anh</u>, 2014 WL 1225575, at *5 (<u>Erobobo</u> "run[s] counter to better-
reasoned cases, which apply the rule that a beneficiary can ratify a trustee's *ultra
vires* act," and "where an act can be ratified, it is voidable rather than void.")
(citing <u>Mooney v. Madden</u>, 597 N.Y.S.2d 775, 776 (N.Y.App.Div.1993)
(discussing EPTL § 7-2.4, "[a] trustee may bind the trust to an otherwise invalid
act or agreement which is outside the scope of the trustee's power when the
. . . beneficiaries consent or ratify the trustee's *ultra vires* act or agreement."));
<u>Halacy v. Wells Fargo Bank, N.A.</u>, No. 12-cv-11447-TSH, 2013 WL 6152351

2. <u>Violation of the FDCPA</u>

The Magistrate Judge also found that Plaintiffs cannot state a claim for violation of the FDCPA based on the October 6, 2009, foreclosure because, even if Deutsche Bank did not have a right to possession of the Property at the time of foreclose, Plaintiffs filed their Complaint on October 31, 2013, and FDCPA claims must be brought within one year of the date on which the violation occurred.  The Magistrate Judge recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  <u>See</u> 15 U.S.C. § 1692k(d) (stating that a civil action to enforce provisions of the FDCPA must be brought "within one year from the date on which the violation occurs.").

The Magistrate Judge also found that Plaintiffs cannot state a claim for violation of the FDCPA based on Plaintiffs' eviction because Section 1692f(6)(A) prohibits only "non-judicial action" to effect dispossession, and it is undisputed that Deutsche Bank brought a dispossessory action against Plaintiffs in state court

---

(D. Mass. Nov. 21, 2013) (same); <u>Felder v. Countrywide Home Loans</u>, No. H-13-cv-0282, 2013 WL 6805843 (S.D. Tex. Dec. 20, 2013) (same).

The Court agrees with the Second Circuit's thorough analysis and finds that, even if Plaintiffs had standing to enforce the PSA, the Assignment is voidable at the election of the beneficiaries of the trust and not, as Plaintiffs assert, void *ab initio*.  <u>See, e.g.</u>, <u>Rajamin</u>, 2014 WL 2922317, at *11.  Plaintiffs do not allege, and the record does not support, that they are beneficiaries of the trust or that the Assignment has not been ratified by the beneficiaries of the trust.  Plaintiffs fail to show that Defendant lacked authority to foreclose on the Property merely because the Assignment allegedly violated the terms of the PSA, and their objection on this ground is overruled.

and obtained a Writ of Possession before evicting them from the Property.  The Magistrate Judge recommended that Plaintiffs' FDCPA claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See 15 U.S.C. § 1692f(6)(A) (prohibiting a debt collector from "[t]aking or threatening to take any *non-judicial action* to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest.") (emphasis added).  Plaintiffs' FDCPA claim is required to be dismissed for these additional reasons.[4]

3.    Dismissal with prejudice

The Magistrate Judge concluded that amendment of Plaintiffs' Complaint would be futile because Plaintiffs lack standing to challenge the validity of the Assignment, any claim for violation of the FDCPA based on the October 6, 2009, foreclosure is untimely, and Plaintiffs cannot state a claim for violation of the FDCPA based on the judicial dispossessory and eviction proceedings.  The Magistrate Judge recommended that Plaintiffs' claims be dismissed with prejudice, and the Court finds no plain error in these recommendations.  Plaintiffs have not, and cannot, assert a viable claim based on perceived defects in the Assignment, or

---

[4]    Plaintiffs do not appear to object to the Magistrate Judge's findings under the FDCPA, but even if they did, a *de novo* review compels the conclusion that the Magistrate Judge correctly reasoned that Plaintiffs' FDCPA claims are required to be dismissed.

in the foreclosure, dispossessory, or eviction proceedings brought by Deutsche Bank.  See Taylor v. McSwain, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (courts should not dismiss a *pro se* plaintiff's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim."); Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

### 4.   Plaintiffs' Motion for Default Judgment

In their Objections, Plaintiffs conclusorily assert that they have a right to a default judgment against Price because she was served with the Complaint and has not filed an answer.  Plaintiffs are not parties to the Assignment executed by Price and therefore they lack standing to challenge its validity.  See, e.g., Montgomery, 740 S.E.2d at 436 (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment) (citing O.C.G.A. § 9-2-20(a)); Edward, 534 F. App'x at 891 (11th Cir. 2013)

(same); cf. <u>Rajamin</u>, 2014 WL 2922317, at *7 (under New York law, the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract); <u>Karamath v. U.S. Bank, N.A.</u>, No. 11 Civ. 1557, 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012), <u>adopted by</u> 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012) (The "plaintiff is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment.").[5]  Having found that Plaintiffs do not have standing to challenge the validity of the Assignment, Plaintiffs are not entitled to default judgment on their claim that Price lacked authority to execute the Assignment.[6]  Plaintiffs' Motion

---

[5]     It is not clear whether Plaintiffs' argument that Price lacked authority to execute the Assignment is based on New York or Georgia law.

[6]     Even if they had standing to challenge the validity of the Assignment, Plaintiffs are not entitled to the relief they seek because the basis for their claim—that Price lacked authority to execute the Assignment—is not supported by the record.  Plaintiffs argue in their Complaint that "there is no proof that [Price] ever worked for Argent [ ], or more specifically, had Power of Attorney to sign and execute documents, namely the [Assignment], on behalf of Argent."  (Compl. ¶¶ 36-38).  The Assignment was executed by "Argent [ ], *By: Citi Residential Lending, Inc., as Attorney in Fact,*" and signed by Price as Vice President.  Price did not, as Plaintiffs suggest, represent herself to be "Attorney in Fact for Argent."  To the extent Plaintiffs assert that "it is not clear who [] Price actually worked for" because "a week later on another assignment, in a different case, Defendant Price identified herself as 'Vice President' OF [sic] Ameriquest Mortgage Company," the Court notes that assignment was executed by "Ameriquest Mortgage Company By: Citi Residential Lending, Inc. as Attorney in Fact," and signed by Price as Vice President.  Plaintiffs do not allege that Price is not Vice President of Citi Residential Lending, Inc., or that Citi Residential Lending, Inc. was not authorized to act on

for Default Judgment is denied.[7] See Frow v. De La Vega, 82 U.S. 552 (1872) (If

a complaint is dismissed on the merits, it "will be dismissed as to all defendants

alike—the defaulter as well as the others."); see also Loman Dev. Co. v. Daytona

Hotel & Motel Suppliers, Inc., 817 F.2d 1533, 1537 (11th Cir. 1987) (quoting

Silverton v. Dep't of Treasury, 644 F.2d 1341, 1344 (9th Cir.), cert. denied, 454

U.S. 895 (1981)) ("A District Court may properly on its own motion dismiss an

action as to defendants who have not moved to dismiss where such defendants are

in a position similar to that of moving defendants or where claims against such

defendants are integrally related."); see also Tazo v. Airbus S.A.S., 631 F.3d 1321,

1336 (11th Cir. 2011) (citing Wyatt v. City of Boston, 35 F.3d 13, 15 n.1 (1st Cir.

1994)) ("[t]here is an exception to [the] general rule against dismissal without

---

behalf of Argent, and the Court notes that in 2007, Citigroup acquired Argent and
Ameriquest from their parent company and formed Citi Residential Lending, Inc., to
manage the newly-acquired assets.  See, e.g., http://www.nytimes.com/2007/09/01/
business/01citi.html?_r=0; http://www.cnbc.com/id/23506350 (last visited July 15,
2014); Tennessee v. Whitworth, 117 U.S. 139 (1886) (in a merger, successor
corporation succeeds to rights and privileges of the constituents unless a rule of law
provides otherwise); Philippine Air Lines v. Texas Eng'g & Mfg. Co., 181 F.2d 923
(5th Cir. 1980) (same).

[7]     To the extent Plaintiffs assert that "[i]t is amazing to the Plaintiffs that the
Magistrate expeditiously issued its report and recommendations for dismissal
seemingly at the behest of Defendant Deutsche Bank" (Obj. at 6), in cases involving
more than one defendant, a judgment should not be entered against a defaulting
party until the matter has been adjudicated with regard to all defendants.  See
Branch Banking & Trust Co. v. Poplar Dev. Co., LLC, No. 5:12-CV-457, 2013 WL
2367963, at *1 (M.D. Ga. May 29, 2013) (citing Gulf Coast Fans, Inc. v. Midwest
Elect. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984) & Frow, 82 U.S. 552).

16

notice if the complaint is patently frivolous" or if amendment of the complaint would be futile).

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' *pro se* objections [18] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Deutsche Bank's Motion to Dismiss [4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment [10] is **DENIED AS MOOT**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 17th day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE